UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on November 3, 2016

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| | : | |
| v. | : | GRAND JURY ORIGINAL |
| | : | |
| KELVIN SUBGIDIO, and | : | VIOLATIONS: |
| BRIANA BARNES, | : | 18 U.S.C. § 922(g)(1) |
| | : | (Unlawful Possession of a Firearm and |
| Defendants. | : | Ammunition by a Person Convicted of a |
| | : | Crime Punishable by Imprisonment for a |
| | : | Term Exceeding One Year) |
| | : | 48 D.C. Code § 904.01(a)(1), 22-4502 |
| | : | (Unlawful Possession with Intent to |
| | : | Distribute a Controlled Substance While |
| | : | Armed) |
| | : | 22 D.C. Code § 4504(a) |
| | : | (Carrying a Pistol Without a License |
| | : | [Outside Home or Place of Business]) |
| | : | |
| | : | FORFEITURE: 18 U.S.C. § 924(d), |
| | : | 21 U.S.C. § 853(p) and 28 U.S.C. § 2461(c) |

**I N D I C T M E N T**

The Grand Jury charges that:

**COUNT ONE**

On or about December 31, 2016, within the District of Columbia, **KELVIN SUBGIDIO**, having been convicted of a crime punishable by imprisonment for a term exceeding one year, in the Virginia Beach Circuit Court, in the State of Virginia, Criminal Case No. CR99000497-00 and in the Rockland County Court, in the State of New York, Criminal Case No. 0095-99, did unlawfully and knowingly receive and possess a firearm, that is, a Highpoint, .40 caliber semi-automatic pistol, and did unlawfully and knowingly receive and possess ammunition, that is, .40

caliber ammunition, which had been possessed, shipped and transported in and affecting interstate and foreign commerce.

>(**Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year**, in violation of Title 18, United States Code, Section 922(g)(1))

## COUNT TWO

On or about December 31, 2016, within the District of Columbia, **KELVIN SUBGIDIO**, while armed with a Highpoint, .40 caliber semi-automatic pistol, did unlawfully, knowingly, and intentionally possess with intent to distribute a quantity of FUB-AMB, that is, synthetic cannabinoids, a schedule I controlled substance.

>(**Unlawful Possession with Intent to Distribute a Controlled Substance While Armed**, in violation of Title 48, District of Columbia Code, Section 904.01(a)(1), 22-4502)

## COUNT THREE

On or about December 31, 2016, within the District of Columbia, **BRIANA BARNES**, while armed with a Highpoint, .40 caliber semi-automatic pistol, did unlawfully, knowingly, and intentionally possess with intent to distribute a quantity of FUB-AMB, that is, synthetic cannabinoids, a schedule I controlled substance.

>(**Unlawful Possession with Intent To Distribute A Controlled Substance While Armed**, in violation of Title 48, District of Columbia Code, Section 904.01(a)(1), 22-4502 (2001 ed.))

## COUNT FOUR

On or about December 31, 2016, within the District of Columbia, **BRIANA BARNES** did carry, openly and concealed on or about her person, in a place other than her dwelling place, place of business or on other land possessed by her, a pistol, without license/licenses issued pursuant to law.

(**Carrying a Pistol Without a License [Outside Home or Place of Business]**, in violation of Title 22, District of Columbia Code, Section 4504(a) (2001 ed.))

## FORFEITURE ALLEGATION

1. Upon conviction of the offense alleged in Count One of this Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the knowing commission of the offense, including but not limited to a Highpoint, .40 caliber semi-automatic pistol, and .40 caliber ammunition.

2. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

   (a) cannot be located upon the exercise of due diligence;

   (b) has been transferred or sold to, or deposited with, a third party;

   (c) has been placed beyond the jurisdiction of the Court;

   (d) has been substantially diminished in value; or

   (e) has been commingled with other property that cannot be subdivided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

      (**Criminal Forfeiture**, pursuant to Title 18, United States Code, Section 924(d), Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c))

A TRUE BILL:

FOREPERSON.

Attorney of the United States in
and for the District of Columbia.