FILED
AUG 2 0 2018
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Criminal No. 17-063-02 (KBJ) |
| | : | |
| v. | : | |
| | : | |
| **BRIANA BARNES** | | |

## JOINT STATEMENT OF OFFENSE IN
## SUPPORT OF DEFENDANT'S PLEA OF GUILTY

The United States of America, by its attorney, the United States Attorney for the District of Columbia, and counsel for the defendant respectfully submits the following Joint Statement of Offense in Support of a Proposed Plea of Guilty by the defendant to the lesser included offense (Unlawful Possession with Intent To Distribute a Controlled Substance, in violation of Title 48, District of Columbia Code, § 904.01(a)(1)) of Count Three of the pending Indictment, charging your client with Unlawful Possession with Intent to Distribute a Controlled Substance While Armed, in violation of 48 D.C. Code § 904.01(a)(1), 22-4502.

The defendant understands that a violation of Unlawful Possession with Intent To Distribute A Controlled Substance, in violation of Title 48, District of Columbia Code, Section 904.01(a)(1), carries a maximum sentence of not more than five years of imprisonment and a fine of not more than $12,500. See 48 D.C. Code § 904.01(a)(2)(B) and 22 D.C. Code § 3571.01(b)(6). A term of supervised release not more than three years. See 24 D.C. Code §§ 403.01(b)(2)(B) and (b)(3)(B). A term of probation imposed in conjunction with a sentence suspended in whole or part may not exceed five years. See 16 D.C. Code § 710.

*Elements of the Offense*

The essential elements of the offense of Unlawful Possession with Intent to Distribute a Controlled Substance each of which the government must prove beyond a reasonable doubt to sustain a conviction, are:

1) Brianna Barnes possessed a measureable amount of FUB-AMB, a synthetic cannabinoid, which is a schedule I controlled substance in the District of Columbia;

2) She did so voluntarily and on purpose, not by mistake or accident; and

3) When she did so, she intended to distribute, that is to transfer to another person, the controlled substance.

*Penalties for the Offense*

The penalty for the offense is outlined as follows: Unlawful Possession with Intent to Distribute a Controlled Substance, in violation of 48 D.C. Code § 904.01(a)(1), carries a maximum penalty of five (5) years of incarceration per § 904.01(a)(2)(B). Your client also understands that she may receive up to three (3) years of supervised release and a fine of up to $12,500.

Additionally, your client agrees to pay a special assessment of $100 per felony conviction to the Clerk of the United States District Court for the District of Columbia. Your client also understands that, pursuant to 18 U.S.C. § 3572 and § 5E1.2 of the United States Sentencing Commission, *Guidelines Manual* (2016) (hereinafter "Sentencing Guidelines," "Guidelines," or "U.S.S.G."), the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release, and period of probation.

*Factual Proffer*

The following joint statement of offense is intended only to provide the Court with enough evidence to satisfy the mandate of Rule 11(b)(3) of the Federal Rules of Criminal Procedure. This proffer is not intended to be a disclosure of all the evidence available to the parties.

On Saturday December 31, 2016, at about 3:30 P.M., members of the Narcotics Enforcement Unit were observing the 2200 Block of S Street NE, Washington, D.C., looking for narcotic transactions in the area. An undercover ("UC") MPD officer, while parked in front of 2210 Adams Place, N.E., observed a black four-door Mercedes sedan bearing the State of Virginia tags with a black male, later identified as the co-defendant, Kelvin Subgidio, occupying the driver's seat and an unknown individual, later identified as the defendant, Briana Barnes, seated on the passenger side. The UC observed the defendant and co-defendant making what appeared to be illegal drug transactions from both the driver and passenger-side windows of the vehicle. In addition, the UC witnessed, on several occasions, an unknown amount of currency exchanged between pedestrians and the defendants; in return, the defendants would hand those persons a black unknown package out of both sides of the vehicle's windows. The UC broadcasted an in-depth lookout for the vehicle and driver to the MPD arrest team and gave a signal for arrest team to move in and stop the vehicle.

Several MPD officers from the arrest team moved in on the block and attempted to make contact with the vehicle and the defendants. Officers activated their emergency equipment and attempted to conduct a traffic stop in the 2200 block of Adams Place and Queens Chapel Rd., N.E. Officers pursued the vehicle to the intersection of Queens Chapel Road and Bladensburg Road, N.E., when the co-defendant accelerated at a very high rate of speed and aggressively attempted to avoid the traffic stop by the officers. As he was fleeing from the officers, the co-defendant sped pass traffic stop signs or posted speed limits. Because of the dangerous condition that the co-defendant presented, the officers immediately terminated their efforts and last observed the vehicle travelling west on New York Ave., N.E., proceeding to make a left turn at New York Ave. and Montana Ave., N.E.

As officers canvassed the route they last observed the vehicle travelling, they heard a loud sound, which was consistent with an object colliding with something. When officers approached the intersection of Bladensburg Road and S Street, N.E., they observed the co-defendant had crashed the vehicle into the sidewalk. The violent force of the crash caused the right side of the vehicle to be lodged between the road and partially over the grassy-area of the sidewalk in the residential neighborhood. Upon approach, officers observed the co-defendant, Subgidio, fleeing from the driver's side of the vehicle with door open, and the defendant, Barnes, was observed sitting at the side of the curb next to the passenger door of the vehicle. Several officers immediately pursued the co-defendant as he fled on foot, while other officers apprehended Barnes. Subgidio was subsequently caught in the rear of 2202 Rand Place, N.E. and taken into custody.

Recovered from the vehicle on the rear floorboard, behind the front passenger seat, was a large black garbage bag containing sixty-four (64) black pouches and a large metric scale. Contained within each black pouch was plant material consistent with a synthetic cannabinoid product. The contents of the pouches collectively totaled approximately 2949.5 grams of a synthetic cannabinoid, FUB-AMB, also commonly called "synthetic marijuana." Furthermore, recovered from the co-defendant's right front pants pocket was $365.00 U.S Currency. The defendant admits she voluntarily and purposely possessed the controlled substance and did so with the intent to distribute the controlled substance to others.

Based upon training and experience, a narcotics expert would testify that the amount of narcotics seized, and the way in which they were packaged, are indicative of possession with intent to distribute rather than mere possession.

Sincerely yours,

JESSIE K. LIU
UNITED STATES ATTORNEY
D.C. Bar No. 472845

EMORY V. COLE
PA. Bar No. 49136
ASSISTANT UNITED STATES ATTORNEY
U.S. Attorney's Office
555 4th Street, N.W., Room 4213
Washington, DC 20530
Emory.Cole@usdoj.gov

Briana Barnes
Defendant

Carlos Vanegas, Esq.
Counsel for Defendant