UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) | Crim. No. 17-63-2 (KBJ) |
| v. | ) ) ) | |
| BRIANA BARNES | ) ) ) | |

### DEFENDANT BRIANA BARNES'S SENTENCING MEMORANDUM

Undersigned counsel on behalf of Briana Barnes submits her memorandum in support of a sentence of time served and the imposition of Supervised Release.

**Background**

Ms. Barnes is before the Court pending sentencing after she entered a guilty plea on August 20, 2018. Ms. Barnes pled guilty to one count of Unlawful Possession with Intent to Distribute a Controlled Substance in violation of 48 D.C. Code § 904(a)(1). The offense is a lesser included of Count Three of the Indictment which charged the same substantive offense but while armed. Ms. Barnes committed the charged offense on December 31, 2016, with co-defendant Kelvin Subgidio.

Pursuant to the conviction Ms. Barnes faces a maximum prison term of five years and term of supervised release of less than three years or at least three years. The term of supervision is predicated on whether the Court imposes a prison sentence of more or less than one year. See 24 DCC § 403.01(b)(2)(B) & 24 DCC § 403.01(b)(3)(B). Title 4 DCC § 516 authorizes a fine of at least $100 and a maximum of $5,000. Undersigned counsel recommends that the Court impose a sentence of time served and impose a period of supervised release of two years.

1

## ARGUMENT IN SUPPORT FOR A SENTENCE OF PROBATION

Ms. Barnes is before the Court facing her first criminal conviction. In fact, prior to the instant offense Ms. Barnes had never been arrested in her life. The instant offense is very serious and it's clear that Ms. Barnes has to make a dramatic change in how she conducts her life and the choices she makes. Because this will be her first sentencing hearing, it does represent an errant departure from the principles and values that were instilled by her mother, aunt, and grandmother. Ms. Barnes has been blessed with having very strong, responsible and loving female role models. It's incumbent on her to follow the guidance that her mother, aunt and grandmother at various times in her life imparted on her.

Ms. Barnes is disappointed that after leading happy childhood she already has a federal criminal case attached to her name. Notwithstanding the terrible ordeal of her case, Ms. Barnes has the ability and willingness to change the direction of her life. Ms. Barnes knows that her responsibility is now greater because she is a mother. She understands that being irresponsible is not an option for her. Her infant daughter needs her and Ms. Barnes cannot impose an extraordinary obligation on her parents to assume full parental responsibilities as she has done twice already.

An important step in redirecting her life was her resolve to plea guilty to her wrongful conduct. Her decision was based on the simple fact that she was in fact helping Mr. Subgidio distribute K-2 to his customers. Because she used the drug habitually, Ms. Barnes made the terrible mistake of going with him on his distribution rounds. Everything about the distribution scheme, the nuts and bolts, who had the K-2, who owned the car, who owned the firearm, who had the prior criminal history, and who acted recklessly in speeding away from law enforcement, points factually to Kelvin Subgidio.

Now close to two years removed from that terrible day, Ms. Barnes wants to prove to the Court and the government that she has learned a very painful lesson. As someone who had seen friends in trouble with the law, she never envisioned that she would find herself in a similar situation. In fact, it never crossed her mind that she would be labeled a convicted felon and that her record of citizenship would be stained at a very young age. Ms. Barnes is asking the Court for leniency so that she may return to the community and care and be a present mother to her infant daughter. As a first time criminal offender Ms. Barnes wants the opportunity to demonstrate a commitment to responsible and law-abiding behavior. On account of the totality and circumstance of her life and pursuant to the applicable sentencing statutes, Ms. Barnes respectfully requests that the Court sentence her to a period of a term of time served and imposed two years of Supervised Release.

I. **PURSUANT DISTRICT OF COLUMBIA CODE § 24-403.1 AND 18 U.S.C. § 3553(a), MS. BARNE'S RESPECTFULLY REQUESTS A SENTENCE OF TIME SERVED AND A TERM OF SUPERVISED RELEASE OF TWO YEARS**

   A. **The Sentencing Guidelines Support a Sentence of Time Served**

Ms. Barnes reviewed and agrees with the sentencing determinations in the in the Presentence Investigation Report filed by Probation Officer Sherry Brandon. Ms. Brandon found the applicable Sentencing Guidelines range to be 6 to 18 months. The sentencing calculations are based on the Voluntary Guidelines followed in the Superior Court for the District of Columbia since Ms. Barnes pled to a D.C. Code offense. Possession with Intent to Distribute a Controlled Substance is a Group 3 offense. Ms. Barnes has no prior convictions which results in a Criminal History Score A (0 to ½). In the Sentencing Guidelines' Master Grid, a Group 3 offense and a criminal history category A yield a range of 6 to 18 months. PSR 63. That range permits a sentence of "short split"

### B.   The Statutory Factors of D.C. Code § 24-403.1 Support a Sentence of Time Served and the Imposition of Supervised Release

Pursuant to the District of Columbia Code, D.C. Code § 24-403.1 the Court shall impose a sentence that

(1) Reflects the seriousness of the offense and the criminal history of the offender;

(2) Provides for just punishment and Affords deterrence to potential criminal conduct by the defendant and others; and

(3) Provides the offender with needed educational or vocational training, medical care and other correctional treatment.

#### 1.   **The Nature, Circumstances and Seriousness of the Offense**

Ms. Barnes's criminal conduct is concisely described in the statement of facts and in the Presentence Investigation Report. PSR ¶ 16-20. Ms. Barnes's nonviolent criminal conduct took place when she was nineteen years old and was actively looking for gainful employment and becoming a responsible adult. Unexpectedly and still very mystifying, Ms. Barnes began to associate with Mr. Subgidio, a seasoned and habitual criminal. What she intended to be a morning outing of helping Mr. Subgidio to sell K-2, turned into a very serious crime in which she was in car with a substantial amount of K-2, a loaded firearm, and it was topped off with Mr. Subgidio's reckless behavior in driving at a high speed from law enforcement.

To her credit and consistent with her history, and limited involvement with Mr. Subgidio's criminal scheme, Ms. Barnes stayed on the scene.  After Mr. Subgidio crashed the car, he ran out of the car and had to be forcefully stopped by law enforcement.  The gun that was in the car, was his gun, which he tried to throw out while he was driving recklessly. However, Ms. Barnes does not excuse her conduct, and she has never denied her criminal responsibility nor minimized her conduct. In fact when she was initially questioned by investigating agents, Ms.

Barnes did not equivocate in admitting her criminal behavior.  Later, when a plea offer was extended, Ms. Barnes did not waste any time in unconditionally accepting the agreement.

Ms. Barnes recognizes that the Court must impose a sentence that reflects the seriousness of the offense, promotes respect for the law, and provides just punishment. While the sentence must provide deterrence and protect the public, it must also provide Ms. Barnes with educational and vocational training and medical care. In balancing all of the purposes of sentencing, the Court has to strike the appropriate balance between the punitive sanction, protection for the community and the long term goal of rehabilitation. Ms. Barnes has been adequately punished through her five months of incarceration in the Central Treatment Facility. Every aspect of her criminal case, from her arrest, indictment, guilty plea, and pending sentencing have individually and collectively emphasized the seriousness of her crime. As a result the imposition of a sentence of time served does not in any way deviate from that sentencing goal.

**1a**.    **History and Characteristics of Ms. Barnes**

Ms. Barnes was raised and nurtured in a loving family environment.  From the strong and loving women in her family she learned the values of education and personal responsibility.  As she grew up, Ms. Barnes practiced those values and succeeded while some of her peers faltered. Although, she hasn't been consistently employed, Ms. Barnes has been employed at various times since she stopped going to school. The different jobs she's held suggest a willingness to undertake any task to support herself.

Ms. Barnes is a mother and knows that it's her responsibility to find work in order to support her infant daughter. She has personally witness the failings of the men in her life, and how her mother, aunt and grandmother had to assume the burdens for supporting their families. Regrettably, Ms. Barnes has seen aspects of that already. When she was arrested for failing to

follow and respect the Court's release order, it was her father's wife who put her own life and care for Ms. Barnes's infant daughter. The child's father was absentee. The father has remained mostly, if not fully absentee.

The reality of who is going to care for her daughter has motivated Ms. Barnes to fully appreciate her freedom. Ms. Barnes never envisioned wearing an orange jumper and spending her daily life with women charged with all sorts of crimes and some who are severely mentally troubled. Having never set a foot in a cell or a prison, Mr. Barnes found herself bewildered and scared. As her sentencing date approaches her trepidation has increased. She knows that she could be sentenced to a significant prison term that could extend her separation from her daughter. Instead of relishing her mother, Ms. Barnes has come to terms with impact of her reckless decision to help Mr. Subgidio sell drugs.

Ms. Barnes wants to be a loving mother and she has the desire and the commitment to be one. However, that can only happen in person. She acknowledges that on two occasions she surprisingly and selfishly veered off that goal. Her failure to abide by the Court's order was a personal setback, but more importantly it was a terrible setback for her infant daughter who needed her mother. Ms. Barnes is committed to making a dramatic change in her life. Ms. Barnes wants to provide the same care and love that she received from her mother, grandmother and aunt.

### 2. The Sentence Should Provide just Punishment and Afford deterrence

The recommend sentence should adequately protect the public and achieve adequate deterrence. As confirmed by the PSR, Ms. Barnes is a first time offender who throughout her young life, with the exception of the instant offense, has been law-abiding. Moreover, she has personally experienced the consequences for violating court orders. Five months in the Central

Treatment Facility and the corresponding deprivations have made a lasting impression on Ms. Barnes.

While on supervise release Ms. Barnes will have to commit herself to changing her life for herself and more importantly for her daughter. Supervised release is a strict regimen which includes reporting to a probation officer, submitting monthly reports, and testing randomly for illegal drugs.  Ms. Barnes will also be required to report any change in her residence, employment and travel outside of the metropolitan area.  These obligations and responsibilities are substantial. However, they are in place for her own good and rehabilitation. If Ms. Barnes wants to change her life she has to embrace what Supervise Release has to offer. Ms. Barnes has acknowledge her failings and her need for help. These are fundamental steps that will help her, and by extension protect the public from future criminal conduct.

### 3. The Sentence Should Provide Needed Educational, Vocational Training, Medical Care and Other Correctional Treatment

A sentence that immediately transitions Ms. Barnes to community supervision would be the most effective way of supporting her rehabilitation. The Probation office can provide Ms. Barnes with referrals for job training and education programs that will improve her marketability and provide incentives for her to aspire professionally. Ms. Barnes has not exhibited any violent or deceitful conduct that would cause a potential employer to shy away from hiring her.

Since this is Ms. Barnes's first felony conviction, she is amenable to rehabilitation. However, additional incarceration will not measurably further any of goals of sentencing and particularly her rehabilitation. Ms. Barnes has never exhibited any systemic addiction or pathology requiring custodial based rehabilitation. A felony conviction on its own will serve as a bitter reminder to Ms. Barnes of how she has blemished her life. While on supervision, the Court will maintain jurisdiction over Ms. Barnes and the authority to incarcerate her. The threat of incarceration in the CTF or in the

BOP will be a clear deterrent. Incarceration represents a frightening consequence that Ms. Barnes will do the utmost to avoid.

18 U.S.C. § 3553(a)(2)(D) directs the Court to fashion a sentence that provides Ms. Barnes with necessary "medical care" or other "treatment in the most effective manner." The Sentencing Reform Act promoted the identical goal in a non-custodial setting by"reject[ing] Imprisonment as a means of promoting rehabilitation." Mistretta v. United States, 488 U.S. 361, 367 (1989). Ms. Barnes's remorse and her lack of criminal history answer the question why the requested sentence would adequately satisfy the sentencing purposes set forth in 18 U.S.C. § 3553(2)(a) and D.C. Code § 24-403.1

Finally, the recommended sentencing amounts to "just punishment" when the Court considers 18 U.S.C.§3582(a). In pertinent part 18 U.S.C. § 3582 (a) states

"The Court, in determining whether to impose a term of imprisonment, and if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation" (emphasis added)

**CONCLUSION**

Ms. Barnes is a young woman who made a series of terrible decisions when she was still a teenager. The terrible choices she made on December 31, 2016, have cost her dearly. Ms. Barnes's felony conviction will have consequences for the remainder of her life. However, in the context of Ms. Barnes's character and background it is safe to assume that it's unlikely that she will re-engage in any criminal conduct. Ms. Barnes wants the opportunity to demonstrate that she can lead an exemplary life that is characterized by honesty, hard work and responsibility to her daughter and community. For these reasons undersigned counsel requests that the Court sentence Ms. Barnes to time served and impose two year term of supervised release.

Respectfully submitted,

A.J. Kramer
Federal Public Defender

_____/s/_____
Carlos J. Vanegas
Assistant Federal Public Defender
625 Indiana Ave., N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500